UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICHARD KEITH JOHNSON, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | Case No. 2:13-cv-00158-LJM-WGH |
| RICHARD BROWN, | ) ) ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Richard Keith Johnson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 12-07-0026. For the reasons explained in this Entry, Johnson's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Johnson was charged with disorderly conduct in violation of prison rules. The conduct report stated:

> On 7/13/12 at approximately 09:00 AM (sic) I Lt. C. Nicholson reviewed a video of A-West 1200 range. At approximately 08:51 A.M. Offender Aderibigbe, Lukomen #161002 is in the A-1200 range lower shower. Offender Aderibigbe places his hands through the cuff port and is exchanging blows with what appears to be clothing items with Offender Johnson, Richard # 926081 who also has his hands through his cuff port assaulting Aderibigbee (sic) with what appears to be clothing items.

See dkt. 13-1.

On July 17, 2012, Johnson was notified of the charge when he received the conduct report and the notice of disciplinary hearing (screening report). Johnson pled not guilty and declined a lay advocate. The screening report documents that Johnson requested Offender Newsome as a witness.

Offender Newsome provided a statement which said, "[o]n the date of this incident, I was [i]n the [i]ndoor [r]ecreation. I was talking to someone else on this range, through the door. I never seen Mr. Johnson do anything what so ever to any other prisoner." Dkt. 13-3.

Johnson also requested the video be reviewed because it would show that he "was defending myself." Dkt. 13-2. Johnson was not allowed to see the video itself because that would "jeopardize the security of the facility;" however, the hearing officer watched the video and provided a detailed written summary of what she observed on the video. Dkt. 13-4.

The disciplinary hearing was held on July 23, 2012. Johnson refused to attend and was found guilty of Class B offense #236 disorderly conduct. The sanctions recommended and approved were an earned credit-time deprivation of 60 days, a one month loss of telephone privileges and a written reprimand. These sanctions were imposed because of the serious nature of the offense and the likelihood the sanctions would have a corrective effect on the offender's

future behavior. In making this determination, the hearing officer relied on the staff reports, the video summary and the offender's written statement. Johnson appealed unsuccessfully to the Facility Head and the Final Reviewing Authority. This habeas action followed.

   **C. Analysis**

The only claim Johnson presses in his reply to the return to order to show cause is that he was denied exculpatory witnesses and evidence. Johnson claims that he requested witness statements from two custody staff officers. According to Johnson, these officers would have testified that they witnessed Offender Aderibigbe attempt to assault Johnson with bodily waste in a squeeze bottle and that one of the correctional officers kicked the squeeze bottle to keep the other prisoner from retrieving the bottle. Johnson explains that the correctional officer's statements would have corroborated Johnson's claim of self-defense.

A prisoner has a limited right to call witnesses and present evidence in his defense consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. Due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence); *see also Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996) ("exculpatory evidence" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt"). "[T]here is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Piggie v. Cotton,* 344 F.3d 674, 677-78 (7th Cir. 2003). The denial of evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *Piggie,* 342 F.3d at 666.

Even assuming that the correctional officers' statements were properly requested, the failure to provide those statements is at most harmless error. In this case, there is a video recording of the conduct which supports the finding that Johnson was guilty of disorderly

3

conduct. There is no indication that the officers' statements would have been inconsistent with the video recording. In any event, the recording (which was reviewed by the hearing officer) is the best evidence of the events which actually occurred. Under these circumstances, the correctional officers' statements would have been repetitive and unnecessary.

In addition, even if Johnson was motivated by self-defense the video summary reflects that he took actions which a reasonable decision maker could conclude were disorderly in violation of prison rules. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."). For example, the video shows Johnson throwing something from a Styrofoam cup at offender Aderibigbe and later both offenders are assaulting each other with clothing items. These actions can be properly characterized as disorderly conduct regardless of who started the altercation.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Johnson to the relief he seeks. Accordingly, Johnson's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/20/2014

*[signature]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD KEITH JOHNSON
DOC # 926081
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Stephanie Lynn Rothenberg
OFFICE OF THE ATTORNEY GENERAL
Email: Stephanie.Rothenberg@atg.in.gov